USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/29/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LADDERS, INC.,

                    Plaintiff,

          -against-

VINDICIA, INC., PAUL LARSEN, and PLC, LLC d/b/a Paul Larsen Consulting,

                    Defendants.

1:20-cv-09008-MKV

MEMORANDUM
OPINION & ORDER

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Ladders, Inc. ("Ladders") commenced this action on October 27, 2020, by filing the Complaint.  (Compl. [ECF No. 1].)  The Complaint alleges that Ladders is a Delaware corporation with offices in New York (Compl. ¶ 1); Defendant Vindicia, Inc. ("Vindicia") is a Delaware corporation with offices in California (Compl. ¶ 2); Defendant Paul Larsen ("Larsen") resides in New York (Compl. ¶ 3); and Defendant PLC, LLC, d/b/a Paul Larsen Consulting ("PLC"), is a New York limited liability company with offices in New York (Compl. ¶ 4).  Ladders alleges that, in 2017, it hired Vindicia for integration and credit card processing services based on PLC's recommendation and self-proclaimed consulting expertise in the area.  (Compl. ¶¶ 6, 24, 26–27.)  Ladders further alleges that Vindicia's services were grossly deficient and resulted in millions of dollars in losses to Ladders.  (Compl. ¶ 6.)  The Complaint alleges six causes of action: (I) replevin; (II) conversion; (III) breach of contract; (IV) gross negligence; (V) unjust enrichment; and (VI) negligent misrepresentation.  (Compl. ¶¶ 67–99.)

Ladders alleges that it and Vindicia executed a contract with the following provision:

> all claims by either party to enforce its Intellectual Property Rights shall be litigated rather than arbitrated and the parties agree to exclusive venue in the United States District Court for the Southern District of New York, and the parties hereby waive any rights that they might have to any other venue.

1

(the "Forum Selection Clause") (Compl. ¶¶ 9, 12.)  Ladders claims that the Court has subject matter jurisdiction "pursuant to the Forum Selection Clause because Ladders states a claim to enforce its Intellectual Property Rights, and Vindicia irrevocably and unconditionally consented to the exclusive jurisdiction of this Court for any civil action relating to enforcement of Intellectual Property Rights."  (Compl. ¶ 15.)  Ladders also claims that the Court has supplemental jurisdiction over all other claims brought in the Complaint because they are related to claims subject to the Forum Selection Clause.  (Compl. ¶ 16.)

Subject matter jurisdiction is a constitutional and statutory requirement that "functions as a restriction on federal power, and contributes to the characterization of the federal sovereign." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).  Thus, this Court has an obligation, "on its own motion, to inquire as to subject matter jurisdiction and satisfy itself that such jurisdiction exists."  *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361–62 (2d Cir. 2000) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006))).

"The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence."  *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002)).  The plaintiff "must allege a proper basis for jurisdiction in his pleadings," *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998), as "court[s] must 'review a plaintiff's complaint at the earliest opportunity to determine whether [there is in fact] subject matter jurisdiction,'" *Weiss Acquisition, LLC v. Patel*, No. 3:12–cv–1819

CS, 2013 WL 45885, at *1 (S.D.N.Y. Jan. 3, 2013) (second alteration in original) (quoting *Licari v. Nutmeg Ins. Adjusters, Inc.*, No. 3:08mc245(WIG), 2008 WL 3891734, at *1 (D. Conn. July 31, 2008)).

Ladders has not met its burden to demonstrate subject matter jurisdiction in the Complaint. Because no federal question is presented on the face of the Complaint, there must be "'complete diversity,' *i.e.* all plaintiffs must be citizens of states diverse from those of all defendants." *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 117–18 (2d Cir. 2014) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)); *Sty-Lite Co. v. Eminent Sportswear Inc.*, 115 F. Supp. 2d 394, 398 (S.D.N.Y. 2000) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806), *overruled on other grounds*, *Louisville, Cincinnati & Charleston R.R. Co. v. Letson*, 43 U.S. (2 How.) 497, 555 (1844)). Complete diversity does not exist here, as Ladders alleges that both it and Vindicia are Delaware corporations. (Compl. ¶¶ 1–2.) While Ladders contends that the Court has subject jurisdiction under the Forum Selection Clause, it is well established that "no action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant . . . ." *Ins. Corp. of Ireland*, 456 U.S. at 702 (citing *California v. LaRue*, 409 U.S. 109 (1972), *abrogated on other grounds*, *44 Liquormart, Inc. v. Rhode Island*, 517 U.S. 484 (1996)); *see also Scheidemann v. Qatar Football Ass'n*, No. 04 Civ. 3432(LAP), 2008 WL 144846, at *2 (S.D.N.Y. Jan. 15, 2008) ("Parties cannot confer subject matter jurisdiction on a federal court by agreement." (citing *Ins. Corp. of Ireland*, 456 U.S. at 702)); *Licensed Practical Nurses, Technicians & Health Care Workers of N.Y., Inc. v. Ulysses Cruises, Inc.*, 131 F. Supp. 2d 393, 403–04 (S.D.N.Y. 2000) ("Private parties cannot defeat the subject matter jurisdiction of the federal courts by means of a forum-selection clause, any more

than they could, by the same means, confer such jurisdiction on this court in a case in which diversity or a federal question were lacking." (citing *Ins. Corp. of Ireland*, 456 U.S. at 702)).

Moreover, since there is no subject matter jurisdiction with respect to Ladders's claims against Vindicia, there can be no supplemental jurisdiction with respect to Ladders's claims against Larsen and PLC under 28 U.S.C. § 1367(a), as Ladders alleges.  (*See* Compl. ¶ 16.)  *See* 28 U.S.C. § 1367(a) (emphasis added) ("[I]n any civil action *of which the district courts have original jurisdiction*, the district courts shall have supplemental jurisdiction over all other claims that are so related to *claims in the action within such original jurisdiction* that they form part of the same case or controversy . . . ."); *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 399 (2d Cir. 2017) (noting that "a district court 'cannot exercise supplemental jurisdiction unless there is first a proper basis for original federal jurisdiction'" (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996))).   Because the Court lacks subject matter jurisdiction, the Complaint must be dismissed.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Arbaugh*, 546 U.S. at 514 ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."); *see also Banks-Gervais v. Bd. of Elections*, No. 18-CV-5252 (RJD)(VMS), 2018 WL 10070504, at *2 (E.D.N.Y. Sept. 28, 2018) ("When a court lacks subject matter jurisdiction, dismissal is mandatory." (citing *Arbaugh*, 546 U.S. at 514)).

Notwithstanding, Federal Rule of Civil Procedure 15(a) provides:

> A party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).  "[A] district court has the discretion to deny leave to amend where there is no indication from a liberal reading of the complaint that a valid claim might be stated." *Perri v. Bloomberg*, No. 11–CV–2646, 2012 WL 3307013, at *4 (E.D.N.Y. Aug. 13, 2012) (citing *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)).  In other words, leave to amend may be denied if an amendment would be futile—that is, "a proposed claim could not withstand a motion to dismiss." *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)); *see also Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) ("[W]here the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." (citing *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 76 (2d Cir. 1998))).

The Second Circuit has "permitted a plaintiff to amend his complaint to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. N.Y. Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987) (citing *Samaha v. Presbyterian Hosp. in City of N.Y.*, 757 F.2d 529, 531 (2d Cir. 1985) (per curiam); *Prescription Plan Serv. Corp. v. Franco*, 552 F.2d 493, 498 (2d Cir. 1977)).  In determining whether a party is "indispensable," courts consider the following factors:

> (1) whether a judgment rendered in a person's absence might prejudice that person or parties to the action, (2) the extent to which any prejudice could be alleviated, (3) whether a judgment in the person's absence would be adequate, and (4) whether the plaintiff would have an adequate remedy if the court dismissed the suit.

*Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 133 (2d Cir. 2013) (quoting *CP Solutions PTE, Ltd. v. Gen. Elec. Co.*, 553 F.3d 156, 159 (2d Cir. 2009) (per curiam)).  Denying a plaintiff leave to amend to exclude nondiverse parties without first considering whether the

nondiverse parties are indispensable is an abuse of discretion. *See Jaser*, 815 F.2d at 243 (citing *Samaha*, 757 F.2d at 531).

Here, the Court cannot determine with certainty whether excluding Vindicia from the action would cure the Complaint's jurisdictional defects. First, while Ladders alleges that it has "offices" in New York (Compl. ¶¶ 1, 4), it is not clear whether these "offices" are Ladders's "principal place of business," or "nerve center"—that is, "the place where the corporation maintains its headquarters," or the corporation's "center of direction, control, and coordination"—for purposes of diversity of citizenship. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). Second, while Ladders alleges that Larsen resides in New York, residency is not the same as domicile, which determines an individual's citizenship for diversity purposes. *See Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53–54 (2d Cir. 2019) ("An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile . . . ." (quoting *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000))); *Kennedy v. Trs. of Testamentary Tr. of Will of Kennedy*, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009) ("Domicile is not synonymous with residence; a party can reside in one place and be domiciled in another." (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 47–49 (1989))), *aff'd*, 406 F. App'x 507 (2d Cir. 2010). Finally, Ladders fails to allege the citizenship of PLC's members, alleging only that PLC "is a New York limited liability company with offices [in New York]." (Compl. ¶ 4.) *See Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) ("Defendant Aladdin is a limited liability company that takes the citizenship of each of its members." (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000))); *Mackason v. Diamond Fin. LLC*, 347 F. Supp. 2d 53, 55 (S.D.N.Y. 2004) ("For diversity purposes, the citizenship of a limited liability company ('LLC') depends upon the citizenship of its members." (citing *Handelsman*, 213

F.3d at 51)).  Thus, the Court cannot conclude definitively whether there is complete diversity with respect to Ladders, Larsen, and PLC.

Furthermore, assuming there is complete diversity with respect to Ladders, Larsen, and PLC and an amendment to the Complaint could salvage diversity jurisdiction, "the Court does not have the benefit of any briefing from the parties on the question of indispensability." *Coon v. Shea*, No. 2:14-CV-85, 2014 WL 2462808, at *3 (D. Vt. June 2, 2014).  Without first hearing from the parties on this issue, the Court cannot determine, for example, whether a judgment in Vindicia's absence might prejudice Vindicia or the extent to which any prejudice can be alleviated.  *See Kirby*, 726 F.3d at 133 (quoting *CP Solutions PTE*, 553 F.3d at 159).

Because it raised the issue of subject matter jurisdiction *sua sponte*, it cannot determine concretely whether Ladders, Larsen, and PLC are completely diverse, and it has not heard from the parties on the issue of indispensability, the Court dismisses the Complaint for lack of jurisdiction without prejudice and with leave to amend to cure the jurisdictional defects described above.  *See Minard v. Pareto Partners*, No. 04 Civ. 741(CSH), 2005 WL 2206783, at *2 (S.D.N.Y. Sept. 12, 2005) ("The Court having raised *sua sponte* the question discussed in this Memorandum, it is fair to allow plaintiff, if so advised, to attempt to demonstrate that the parties are completely diverse."); *Matthews v. Deede Realty, Inc.*, No. 90 Civ. 2923 (LBS), 1991 WL 2790, at *1 (S.D.N.Y. Jan. 9, 1991) (dismissing action pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction without prejudice and with leave to amend the complaint). Plaintiff shall file an Amended Complaint on or before November 28, 2020.  Failure to file an

Amended Complaint by that date will result in dismissal of all claims in this case without prejudice and without leave to amend.

**SO ORDERED.**

Date:   **October 29, 2020**
         **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**